# EXHIBIT 1

10/21/19 12:55p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NAVIGATORS SPECIALTY INSURANCE COMPANY; and DOES 1
tthrough 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PHILADELPHIA INDEMNITY INSURANCE COMPANY



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SEP 0 5 2019

R. MILLER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)*: 9 - 0 1 8 3 6 |
|---|---|

Superior Court of California, County of Contra Costa
725 Court Street
Martinez, California 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

ROBINSON DI LANDO, APLC

801 S. Grand Ave., Suite. 500, Los Angeles, CA 90017 Telephone: (213)229-0100

| DATE: *(Fecha)* SEP 0 5 2019 | Clerk, by *(Secretario)* R. MILLER | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* NAVIGATORS INSURANCE COMPANY (DOE 1)

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 10/21/19

[SEAL]

Form Adapted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FAX FILE

1 | Michael C. Robinson (SBN 120308)
Perry E. Rhoads (SBN 209812)
2 | ROBINSON DI LANDO
A Professional Law Corporation
3 | 801 S. Grand Avenue, Suite 500
Los Angeles, California 90017-2687
4 | Telephone (213) 229-0100
Facsimile (213) 229-0114
5
Attorneys for Plaintiff
6 | PHILADELPHIA INDEMNITY
INSURANCE COMPANY
7

**FILED**

2019 OCT 18 . P 3: 15

CLERK C          SUPERIOR COURT
                 C  TA, CA

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF CONTRA COSTA - UNLIMITED JURISDICTION

| | |
|---|---|
| 10 PHILADELPHIA INDEMNITY<br>11 INSURANCE COMPANY, | ) Case No.: C19-01836<br>)<br>) |
| 12         Plaintiffs. | ) **AMENDMENT TO COMPLAINT**<br>) **NAMING DOE 1** |
| 13     vs. | )<br>) |
| 14 NAVIGATORS SPECIALTY INSURANCE<br>15 COMPANY; and DOES 1 through 50,<br>16 inclusive, | )<br>)<br>)<br>) |
| 17         Defendants | )<br>) |

18

19 | **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20 | Upon the filing of the complaint, the Plaintiff being ignorant of the true names of the

21 | following defendant and having designated the defendant in the complaint by fictitious

22 | names, hereby identifies them by their true names as follows:

23 | Doe 1: NAVIGATORS INSURANCE COMPANY

24

25 | DATED: October 18, 2019          ROBINSON DI LANDO

26

27 | By: _____
        Michael C. Robinson, Jr.
28        Perry E. Rhoads
        Attorneys for Plaintiff, PHILADELPHIA
        INDEMNITY INSURANCE COMPANY

- 1 -

1 | Michael C. Robinson (SBN 120308)
Perry E. Rhoads (SBN 209812)
2 | ROBINSON DI LANDO
A Professional Law Corporation
3 | 801 S. Grand Avenue, Suite 500
Los Angeles, California 90017-2687
4 | Telephone (213) 229-0100
Facsimile (213) 229-0114
5
Attorneys for Plaintiff
6 | PHILADELPHIA INDEMNITY
INSURANCE COMPANY
7

**F I L E D**

SEP 05 2019

By
R. MILLER

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT 23, FOR ALL
PURPOSES

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF CONTRA COSTA - UNLIMITED JURISDICTION SUMMONS ISSUED

| | |
|---|---|
| 10 PHILADELPHIA INDEMNITY INSURANCE COMPANY, | Case No.: **C 19 - 0 1 8 3 6** |
| 11 | |
| 12 Plaintiffs, | **COMPLAINT FOR:** |
| 13 vs. | 1. **Subrogation on Breach of Contract** |
| | 2. **Equitable Contribution** |
| 14 NAVIGATORS SPECIALTY INSURANCE COMPANY; and DOES 1 through 50, | |
| 15 inclusive, | |
| 16 | |
| 17 Defendants | |
| 18 | |

19 | Plaintiff PHILADELPHIA INDEMNITY INSURANCE COMPANY

20 | ("Philadelphia") hereby alleges as follows:

21 | **NATURE OF ACTION AND RELIEF SOUGHT**

22 | 1.   At all relevant times hereto Plaintiff's insured, Eastshore Manor I

23 | ("Eastshore") was owner of the Monterey Pines apartment complex at the time of the

24 | incident giving rise to the underlying action.  Eastshore was owned by Bayside Multi LLC, a

25 | wholly owned subsidiary of Bayside Communities, LLC.  Evans Property Management Inc.

26 | ("EPMI") is also Plaintiffs insured and is another wholly owned subsidiary of Bayside LLC

27 | and provided property management services at the complex at the time of the incident.

28

- 1 -
COMPLAINT

2.      Insured Eastshore is also an insured and additional insured on Navigator's policy under named insured Personal Protective Services, Inc. ("PPS").

3.      On December 16, 2015, Plaintiffs FONTINO MITCHELL, DANELLE IRENE JONES, and FONTINO HARDY JR. (DECEASED) filed a complaint against Insured Eastshore alleging wrongful damages arising out the shooting death of Fontino Hardy Jr. on July 14, 2015 at the subject property (*Hardy v. Eastshore Manor I dba Monerey Pines Apartment*, Contra Costa Case No. C 15-02278). The Hardy complaint included allegations concerning the lack of security at the property. At the time of the incident, PPS was providing security services at the Monterey Pines Apartments per written contract.

4.      Insureds tendered the defense to Philadelphia. Philadelphia accepted the tender and assigned counsel to defend Insured. On or about September 25, 2017, defense counsel filed an answer to the Hardy Complaint on behalf of Insureds Eastshore and EPMI.

5.      On February 27, 2017, Insured Eastshore cross-complained against PPS for (1) Express Contractual Indemnity, (2) Breach of Contract, (3) Implied Equitable Indemnity, (4) Equitable Contribution, and (5) Declaratory Relief.

6.      On or about June 9, 2016, Insured tendered the defense and indemnity to PPS under the terms of the written Security Services Agreement between Insured and PPS. The Agreement required PPS to defend and indemnify Client to the extent claims arise out of the performance of services under the Agreement and was caused or contributed to by the negligence of Contractor.

7.      On or about June 30, 2017, Navigators denied the tender of defense and indemnity.

8.      Philadelphia incurred approximately $185,000.00 in the defense of Insured Eastshore in the *Hardy* case. Philadelphia also paid $400,000 in indemnity to settle claims made in the *Hardy* case against Insured Eastshore and the complaint was dismissed. PPS did not participate in the settlement nor did it defend Insured. Insured's cross-complaint against PPS is currently active. In this action, Philadelphia seeks reimbursement and/or contribution

1  for indemnity, defense fees and costs contractually owed to Philadelphia's and Navigator's

2  Insured under the terms of Navigators Policy and under the Security Services Agreement

3  between Insured and PPS as well as contribution obligations as joint insurers.

**PARTIES**

5  9.     Plaintiff PHILADELPHIA INDEMNITY INSURANCE COMPANY

6  ("Plaintiff" or "Philadelphia") is a Pennsylvania corporation and at all times herein was

7  qualified to do business and issue insurance policies in the State of California.

8  10.     Upon information and belief, BAYSIDE COMMUNITIES LLC and EVANS

9  PROPERTY MANAGEMENT, INC. (EPMI) is or was at all relevant times hereto a limited

10  liability company organized and existing under the laws of the State of Delaware.

11  11.     Upon information and belief, EASTSHORE MANOR I, LP is or was at all

12  relevant times hereto a limited liability company organized and existing under the laws of the

13  State of California.

14  12.     Upon information and belief, Defendant NAVIGATOR'S SPECIALTY

15  INSURANCE COMPANY ("Navigators") is an unknown business entity organized and

16  existing under the laws of the State of New York and is and or was at all relevant times

17  herein authorized to issue and deliver insurance policies in the State of California.

18  13.     The true names and capacities of defendants DOES 1 to 50, INCLUSIVE are

19  unknown to Plaintiff.  Plaintiff therefore sues said defendants by such fictitious names.

20  Plaintiff will seek leave of court to amend this complaint to insert the true names and

21  capacities of the fictitiously named defendants when the same have been ascertained.

22  Plaintiff is informed and believes, and based upon such information and belief thereon

23  alleges, that each defendant designated as a DOE herein is responsible in some manner for

24  the acts, omissions, occurrences and liabilities hereafter alleged and referred to.

25  14.     Plaintiff is informed and believes and thereon alleges that Defendants, and

26  each of them, were corporations and/or other entities having residence in, adequate contacts

27  with and/or are authorized to do and doing business within the jurisdiction of this Court.

28

## THE NAVIGATORS POLICY

15.     Upon information and belief, Navigators issued Policy No.
SF15CGL156282IC to PPS effective May 18, 2015 through May 18, 2016 (the "Policy").
The Policy has limits of $1 million per occurrence and is subject to a $10,000 per occurrence
deductible.  Insured Eastshore was included as an Additional Insured under Navigators
Policy.

## SUBROGATION RIGHT

16.     Plaintiff issued a Commercial General Liability Policy of insurance to Insured
for the relevant periods ("Philadelphia Policy").  Pursuant to the terms of the Philadelphia
Policy, Plaintiff was obligated to incur defense fees and costs in defending Insured against
claims made in *Hardy v. Eastshore Manor I dba Monerey Pines Apartment*, Contra Costa
Case No. C 15-02278 ("Hardy Action").

17.     Plaintiff paid defense fees and costs of Insured and paid indemnity to settle
Insured to protect its own interests, and not as a volunteer.  By reason of the aforesaid policy
of insurance, the payments made pursuant to the policy, and pursuant to California *Insurance
Code* §11580.2(g), Plaintiff is subrogated to the rights of Insured for all defense and
indemnity paid in the *Hardy* action.

## FIRST CAUSE OF ACTION

### (Breach of Contract in Subrogation Against All Defendants)

18.     Plaintiff incorporates by reference all allegations set forth in the above
paragraphs as though fully set forth herein.

19.     Navigators and DOES 1 through 50 had a contractual obligation with
Philadelphia's insured to defend and indemnify the insured for the *Hardy* Action

20.     Navigators and DOES 1 through 50 breached the contract by refusing to
defend and indemnify the insured.

21.     Philadelphia paid the indemnity and defense that should have been paid by
Navigators and DOES 1 through 50 and is entitled to be reimbursement for those payments.

## SECOND CAUSE OF ACTION

### (Equitable Contribution Against All Defendants)

22.     Plaintiff incorporates by reference all allegations set forth in the above paragraphs as though fully set forth herein.

23.     Philadelphia and Navigators are co-insurers of Eastshore.

24.     Philadelphia is equitably entitled to contribution from Navigators for the indemnity, defense fees and costs incurred in the *Hardy* Action.

## PRAYER FOR RELIEF

WHEREFORE, Philadelphia respectfully requests judgment in its favor and against Defendants, and each of them, as follows:

1.     Damages in favor of Philadelphia and against Defendants on all causes of action, in an amount of at least $185,000.00 for the defense of Insured Eastshore in the *Hardy* case;

2.     Damages in favor of Philadelphia and against Defendants on all causes of action, in an amount of at least $400,000 for settlement/indemnity paid by Plaintiff in the *Hardy* case;

3.     For prejudgment interest under California Civil Code section 3287(a); and

4.     For such additional and further relief as the Court may deem just and proper.


DATED:  September 4, 2019            ROBINSON DI LANDO


                                     By: _____
                                         Michael C. Robinson, Jr.
                                         Perry E. Rhoads
                                         Attorneys for Plaintiff,
                                         PHILADELPHIA INDEMNITY
                                         INSURANCE COMPANY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Perry E. Rhoads (SBN 209812)<br>Michael C. Robinson, Jr. (SBN 120308)<br>ROBINSON DI LANDO, A Professional Law Corporation<br>801 South Grand Ave., Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 229-0100    FAX NO.: (213) 229-0114<br>ATTORNEY FOR *(Name):* Plaintiff, Philadelphia Indemnity Insurance Company | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Philadelphia Indemnity Insurance Comany v. Navigators Specialty

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 2 (Subrogation on Breach of Contract); (Equitable Contribution)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/5/2019

Perry E. Rhoads, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# EXHIBIT 2

STEPHEN M. HAYES (SBN 83538)
TYLER R. AUSTIN (SBN 293977)
BENJAMIN L. CHEN (SBN 325988)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, CA 94070
Telephone:  (650) 637-9100
Facsimile: (650) 637-9101

Attorneys for Defendant
NAVIGATORS SPECIALTY INSURANCE
COMPANY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> NAVIGATORS SPECIALTY INSURANCE COMPANY; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.  C19-01836 <br><br> **DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1080870

Defendant Navigators Specialty Insurance Company ("Navigators" or "Defendant,") in answering the Complaint filed by Plaintiff, Philadelphia Indemnity Insurance Company ("Plaintiff") sets forth the following:

## GENERAL DENIAL

Defendant, in answer to the unverified Complaint of Plaintiff herein, herewith denies each and every, all and singular, generally and specifically the allegations of the unverified Complaint, and in this connection Defendant denies that Plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as the result of any act or omission of this answering Defendant.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing answers or defenses, as and for its affirmative defenses to the Complaint, Defendant alleges as follows:

AS A FIRST SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

AS A SECOND SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

AS A THIRD SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of judicial estoppel.

AS A FOURTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Complaint herein, Plaintiff and/or its insured failed to perform certain conditions precedent that were imposed upon the Plaintiff and/or its

insured by contract.  The non-performance of said conditions excused Defendant's obligations under the insurance policy at issue.

AS A FIFTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that at all times and places mentioned in the Complaint herein, Plaintiff and/or its insured failed to mitigate the amount of their damages.  The damages claimed by Plaintiff could have been mitigated by due diligence on its part or by one acting under similar circumstances.  The Plaintiff's failure to mitigate is a bar to its recovery under the Complaint.

AS A SIXTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the injuries allegedly sustained by Plaintiff were either wholly or in part caused by Plaintiff or persons, firms, corporations or entities other than this answering Defendant, and whose acts or omissions are imputed to Plaintiff as a matter of law.

AS A SEVENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that the insurance policy or policies at issue in the Complaint afforded no coverage or coverage was barred by one or more exclusions in said policy or policies.

AS AN EIGHTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff cannot assert any contractual claims set forth in its Complaint because Plaintiff prevented performance of said contract.

AS A NINTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges on information and belief that Plaintiff cannot assert any of the contractual claims contained in its Complaint because Plaintiff and/or its insured materially breached said contract.

AS A TENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering Defendant alleges that Plaintiff has consented and acquiesced to the matters alleged in the Complaint.

1

2       AS AN ELEVENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

3   AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

4   Defendant alleges that any and all damages sustained by Plaintiff, if at all, were proximately caused

5   by the acts or omissions of parties other than Defendant, including third parties, and, therefore, any

6   award against Defendant should be reduced by the comparative or contributory fault of those other

7   parties.

8       AS A TWELFTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

9   AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

10  Defendant alleges that any acts or omissions by Defendant were not a substantial factor in bringing

11  about Plaintiff's alleged damages and, therefore, were not a contributing cause thereof, but were

12  superseded by the acts or omissions of Plaintiff and/or its insureds, officers, directors, agents,

13  servants, employees or representatives or by the acts or omissions of third parties which were

14  independent, intervening, and proximate causes of any injury or damages suffered by Plaintiff.

15      AS A THIRTEENTH SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

16  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

17  Defendant alleges that

18      AS A FOURTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE

19  HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

20  answering Defendant alleges that the alleged causes of action set forth in the Complaint are, and

21  each of them is, time-barred by the applicable insurance policy or the statute of limitations set forth

22  in the applicable provisions of Code of Civil Procedure sections 335 et seq., including but not

23  limited to sections 337 and 339.

24      AS A FIFTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

25  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

26  Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff and/or its

27  insured are not Named Insureds or Additional Insureds under the policy of insurance allegedly

28  issued by Defendant.

1    AS A SIXTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

2 AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

3 Defendant alleges that Plaintiff delayed asserting the claims alleged in the Complaint, Defendant

4 was prejudiced by said delay and as such plaintiff's claims are barred by the doctrine of laches.

5    AS A SEVENTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE

6 HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

7 answering Defendant alleges that Plaintiff's action is barred by virtue of its own unclean hands, and

8 others.

9    AS AN EIGHTEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE

10 HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

11 answering Defendant alleges that at all times, Defendant acted reasonably, under legal right, with

12 proper cause, and/or in good faith towards Plaintiff and its insured and continues to do so.

13    AS A NINETEENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

14 AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

15 Defendant alleges that Plaintiff does not have standing to assert each and every cause of action

16 and/or claim for relief thereof.

17    AS A TWENTIETH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

18 AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

19 Defendant alleges that Defendant does not owe a duty to Plaintiff.

20                              **PRAYER FOR RELIEF**

21    WHEREFORE, this answering Defendant prays for judgment against Plaintiff as follows:

22    1.    That Plaintiff take nothing by its Complaint;

23    2.    That Plaintiff's Complaint be dismissed with prejudice;

24    3.    That judgment is entered in favor of Defendant on Plaintiff's Complaint;

25    4.    For costs of suit incurred herein; and

26    5.    For such other relief as the Court may deem just and proper.

27

28

**DEFENDANT NAVIGATORS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL
- CASE NO. C19-01836**

1   Dated:  November 20, 2019

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP

By:_____
     STEPHEN M. HAYES
     TYLER R. AUSTIN
     BENJAMIN L. CHEN
     Attorneys for Defendant
     NAVIGATORS SPECIALTY INSURANCE
     COMPANY

1

### **DEMAND FOR JURY TRIAL**

2
Defendant, Navigators Insurance Company, hereby demands a jury trial on all issues.

3

4
Dated:  November 20, 2019

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP

5

6
By:_____
STEPHEN M. HAYES
7
TYLER R. AUSTIN
BENJAMIN L. CHEN
8
Attorneys for Defendant
NAVIGATORS SPECIALTY INSURANCE
9
COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT NAVIGATORS' ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL
- CASE NO. C19-01836**

**CASE NAME:**     **Philadelphia Indemnity Ins. Co. v. Navigators Specialty Ins. Co.**
**CASE NO.:**      **Contra Costa Superior Court Action No.: C19-01836**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 999 Skyway Road, Suite 310, San Carlos, CA 94070.  I am employed in the County of San Mateo where this service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT NAVIGATORS SPECIALTY INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT;** *and*
**DEMAND FOR JURY TRIAL**

☒    (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

Michael C. Robinson, Jr.
Perry E. Rhoads
Robinson Di Lando
A Professional Law Corporation
801 S. Grand Avenue, Suite 500
Los Angeles, California 90017-2687
Telephone: 213.229.0100
Facsimile: 213.229.0114
Email: mrobinson@rdwlaw.com
Email: prhoads@rdwlaw.com

**Attorney for Plaintiff
PHILADELPHIA INDEMNITY
INSURANCE COMPANY**

☒    *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 20, 2019, San Carlos, California.

*Dolores A. Mayorga*

_____
Dolores A Mayorga